UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RAMON MENDIVIL,

    Petitioner,

v.

RICHARD IVES,

    Respondent.

Case No. 3:18-cv-00133-AA

OPINION AND ORDER

AIKEN, District Judge:

Petitioner, a former inmate at the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan), brings a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that the Bureau of Prisons (BOP) violated his rights to due process when he was found guilty of two disciplinary violations. For the reasons explained below, the petition is denied.

BACKGROUND

At all relevant times, petitioner was an inmate at FCI Sheridan. On May 31, 2017, prison staff intercepted mail addressed to petitioner that contained six unidentified strips in the envelope's bottom seam. *See* Cortez Decl. ¶¶ 9, 12 & Ex. B. FCI Sheridan's Chief Pharmacist

1   - OPINION AND ORDER

examined the strips and identified them as Suboxone. *See id.* ¶ 12 & Ex. B. According to respondent, Suboxone is an addictive opioid prone to abuse and is used as a heroin substitute, the misuse of which has become an epidemic among prison populations. *See id.* ¶ 9 n.1.

The envelope was sent by "Miranda Vezendez" and also contained several drawing patterns commonly used for tattooing. *See id.* ¶ 12 & Ex. B. The day before, on May 30, 2017, petitioner received an email from a personal contact stating, "Oh yes my home girl Miranda was asking if you've got her patterns she said she got the lion one u wanted but she already sent the [enve]lope to you Joey asked me if you had got it." *Id.* Petitioner replied, "no I didn't get anything, I would let you know by now if I got it but if she sent the patterns I will let you know as soon as I get them, do you know when she said she sent them??" *Id.* Based on this evidence, the BOP charged petitioner with violating Code 111-Introduction of Narcotics, and Code 196-Use of Mail to Further Criminal Activity. Cortez Decl. ¶ 7 & Ex. B.

On June 1, 2017, petitioner received an incident report that detailed the charges and the evidence against him. *Id.* ¶¶ 7-9 & Exs. B, C.

On June 7, 2017, petitioner was served with a notice of disciplinary hearing and a list of his rights. *Id.* ¶ 10 & Exs. D, E. Petitioner waived his right to a staff representative, a decision he confirmed at the hearing. *Id.* Exs. C, E.

On June 21, 2017, petitioner appeared before the discipline hearing officer (DHO). *Id.* ¶ 8. At the hearing, petitioner waived his right to a staff representative, waived the right to call witnesses, and made no statement. *Id.* Ex. C. The DHO found petitioner had committed the charged violations and prepared a report detailing the hearing process, the evidence presented, and the reasons for the sanction imposed. *Id.* ¶ 12 & Ex. C.

Petitioner did not pursue the BOP's Administrative Remedy Process to appeal the DHO's findings and sanction. *Id.* ¶¶ 14-16. Instead, on January 18, 2018, he filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, and a Motion for Preliminary Injunction under Federal Rule of Civil Procedure 65.

DISCUSSION

Petitioner maintains that the disciplinary hearing violated his procedural due process rights because he was not given adequate notice of the charges against him and the DHO's findings were not supported by the evidence.

To pursue habeas relief under 28 U.S.C. § 2241, "a petitioner must first, 'as a prudential matter' exhaust his or her available administrative remedies." *Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2011) (per curiam). Petitioner did not pursue any administrative remedies and his petitioner could be denied on this ground alone.

Moreover, the petition lacks merit. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Instead, due process requirements are met if the inmate receives: 1) advance written notice of the charges and the evidence against him; 2) an opportunity to present documentary evidence and witnesses; 3) legal assistance if the charges are complex or the inmate is illiterate; 4) a written statement describing the reasons for the disciplinary action; and 5) a disciplinary decision supported by "some evidence" in the record. *Id.* at 563, 566, 570; *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985). Judicial review of a prison disciplinary decision is limited to whether there is a denial of procedural due process or evidence of an arbitrary and capricious action. *Hill*, 472 U.S. at 455; *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). A court must defer to a prison official's judgment and cannot substitute

its view of the facts presented in a prison disciplinary hearing. *See Hill*, 472 U.S. at 455 (the "some evidence" standard does not allow "examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence").

Here, petitioner received written notices of the charges, the opportunity to present evidence, a neutral DHO, and written findings that explained the reasons for the DHO's decision. Cortez Decl. ¶¶ 7-9, & Exs. B-C. Petitioner nonetheless maintains that the DHO changed the nature of the charges by suggesting that petitioner was talking in "code" when referring to "patterns." Even if the DHO made such a statement, the DHO did so by relying on the evidence previously provided to petitioner. Petitioner also maintains that he was denied a staff representative, but petitioner waived his right to a representative before and during the hearing. *Id.* ¶ 10 & Ex. C-E.

Petitioner further argues that the evidence did not support the DHO's decision. As noted above, judicial review of a prison disciplinary decision is limited; this Court cannot overturn the disciplinary decision of prison officials so long as the decision is supported by "some evidence." *Hill*, 472 U.S. at 455-56; *Cato*, 824 F.2d at 705. Here, the record includes sufficient evidence to support the DHO's findings. *See generally* Cortez Decl. & Ex. C. Accordingly, the requirements of due process were met, and petitioner is not entitled to habeas relief.

As a final matter, I note that legal mail sent to petitioner has been returned as undeliverable. (ECF Nos. 7, 13) Petitioner has not updated his address as required by Local Rule 83-10(a). Under Local Rule 83-12, I may strike appropriate pleadings, enter a default, or dismiss the action if the failure to notify the Court of a change of an address has continued for 60 days. Here, petitioner's failure to provide an updated address has continued for more than 60 days, providing another basis for dismissal.

## CONCLUSION

The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED and this case is DISMISSED. The Motion for Preliminary Injunction (ECF No. 2) is DENIED as moot.

DATED this 25 day of June, 2018.

*Ann Aiken*
Ann Aiken
United States District Judge